

*United States Attorney*
FILED   *District of Maryland*
U.S. DISTRICT COURT *Northern Division*
DISTRICT OF MARYLAND

*Rod J. Rosenstein*
*United States Attorney*

*Sandra Wilkinson*
*Assistant United States Attorney*

2013 JUL 16  A 11: 18 *South Charles Street*
*Fourth Floor*
CLERK'S OFFICE *Baltimore, Maryland 21201*
AT B...

*June 24, 2013*

*DIRECT: 410-209-4921*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*
*Sandra.Wilkinson@usdoj.gov*

C. Thomas Brown, Esquire
205 East Main Street
Elkton, Maryland 21921

> Re:  Plea Agreement in the case of
> United States v. Irwin, Crim. No. RDB 13-0197

Dear Mr. Brown:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by July 10, 2013, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.      The Defendant agrees to waive Indictment and plead guilty to a Superseding Information which will charge him with of Sexually Exploiting a Minor for the Purpose of Producing Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

That on or about the date specified in the Superseding Information, in the District of Maryland, the Defendant:

a.      Knowingly employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct;

b.      For the purpose of producing a visual depiction of such conduct;

b.    For the purpose of producing a visual depiction of such conduct;

c.    And the Defendant knew and had reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, if that visual depiction was produced or transmitted using materials that have been transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce.

## Penalties

3.    The sentence provided by statute for each of the offenses to which your client is pleading guilty is as follows: not less than fifteen (15) years and not more than thirty (30) years imprisonment, a $250,000 fine, and supervised release for 5 years to life.  In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.  This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.  If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.  The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.  The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4.    The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence.  Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

5.    The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel.  That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.    The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him.  By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

c.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

d.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

e.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

f.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

h.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

i.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

6.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998.  The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

7.      This Office and the Defendant understand, agree and stipulate to the  Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a.      Count Two: Production of Child Pornography

i.      The base offense level is thirty-two (32).  U.S.S.G. §2G2.1(a).

ii.      There is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense.  U.S.S.G. §2G2.1(b)(1).

iii.      There is a two (2) level increase because there was commission of a sexual act or sexual conduct.  U.S.S.G. §2G2.1(b)(2)(A).

v.      The offense level, therefore, is forty (40).

b.      Relevant Conduct: Distribution of Child Pornography (Count One)

i.      The base offense level is twenty-two (22).  U.S.S.G. §2G2.2(a).

ii.      There is a two level increase because the material involved a prepubescent minor .  U.S.S.G. §2G2.2(b)(2).

iii.      There is a two (2) level increase because there was distribution other than that described in subparagraphs (b)(3)(A) through (E).  U.S.S.G. §2G2.2(b)(F).

iv.      There is a two (2) level increase because the offense involved the use of a computer or an interactive computer service for the transmission or distribution of the material.  U.S.S.G. §2G2.2(6).

v.      There is a two (2) level increase because the offense involved a video

which equals ten or more images.  U.S.S.G. § 2G2.2(7)(A).

        vi.     The offense level, therefore, is thirty (30).

    c.     Relevant Conduct: Possession of Child Pornography

        i.     The base offense level is eighteen (18).  U.S.S.G. §2G2.2(a)(1).

        ii.     There is a two (2) level increase because the material involved a prepubescent minor.  U.S.S.G. §2G2.2(b)(2).

        iii.     There is a four (4) level increase because the material that portrays sadistic or masochistic conduct or other depictions of violence involved a prepubescent minor.  U.S.S.G. §2G2.2(b)(4).

        iv.     There is a two (2) level increase because the offense involved the use of a computer or an interactive computer service for the transmission or distribution of the material.  U.S.S.G. §2G2.2(6).

        v.     There is a two (2) level increase because the offense involved at least 10 images, but fewer than 150.  U.S.S.G. §2G2.2(b)(7).

        vi.     The offense level, therefore, is 28.

    d.     COMBINED OFFENSE LEVEL: Pursuant to U.S.S.G. §§1B1.2 and 3D1.4, the above-referenced conduct does not group.  However, there is no increase because the highest offense level is more than 9 levels serious than the less serious groups of relevant conduct.  Thus, the offense level before acceptance of responsibility is forty (40).

    e.     This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct.  This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty.  This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

    f.     Accordingly, the adjusted offense level is thirty-seven (37).

    8.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career

offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.    This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, or sentencing guidelines factors, set forth in the United States Sentencing Guidelines or in 18 U.S.C. § 3553(a) will be raised or are in dispute.

## Obligations of the United States Attorney's Office

10.    At the time of sentencing, this Office will recommend a sentence within the sentencing guideline range for adjusted offense level 37.

11.    The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Forfeiture

12.    The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence pursuant to search warrants executed in this case. He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States. The defendant agrees to assist fully in the forfeiture of the assets.

13.    The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

## Waiver of Appeal

14.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction, and any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or in any other way.

   b.    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

15.      The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

16..      The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

17.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Sandra Wilkinson
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement,  and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

_____          _____
Date .                                                   Michael Dale Irwin

I am Mr. Irwin's attorney.  I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him.  He advises me that he understands and accepts its terms.  To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____          _____
Date                                                     C. Thomas Brown, Esq.

## EXHIBIT A
## STIPULATED FACTS

*Had this matter proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial nor does it encompass all of the evidence that will be presented at a sentencing hearing of this matter:*

**MICHAEL DALE IRWIN**, age 27, is a resident of Rising Sun, Maryland.

On March 12, 2013, the Maryland State Police (MSP) received information from a complainant (hereinafter Witness 1 or "W1") regarding child sex abuse by **IRWIN**. Specifically, **IRWIN** had contacted W1 and began talking about his fantasies which included engaging in sexual acts with young children. **IRWIN** wanted W1 to be involved in the acts. **IRWIN** sent W1 an image to her cell phone of a young child performing oral sex on a grown man. ███████████

█████ ████████████████████████████████████. W1 asked **IRWIN** if it was him on the image and he said "yes." The messages, however, was set to "auto delete" and were no longer on W1's phone. At this point W1, contacted MSP and consented to monitoring calls and text messages between W1 and **IRWIN**. All communication was directed at the authority of MSP.

Initially, **IRWIN** texted that he regretted telling W1 about what he had done ███████ ██████████ was worried. **IRWIN** wanted W1 to call him. He also sent her a pornographic video of two adults.  Through subsequent text messages, **IRWIN** sent W1 another link utilizing KIK, an online application. The link opened a video of a prepubescent female, approximately 6 to 8 years of age, lying on her back with her legs spread apart. An adult female was also in the video. The adult female's left hand is on the minor child's right leg, keeping the child's legs apart while the adult female licked the child's vagina.  The camera zoomed in on the child's vagina area as the the adult female continued to lick and kiss the vaginal area and stomach of the child.

MSP immediately went to arrest **IRWIN** at his place of employment. His phone, a Black AT&T Pantech Cell Phone, was within a few feet of where he was standing. The phone was seized and a search warrant was obtained to search it. It was determined this phone was the phone that had been used to text and call W1.

MSP also obtained search and seizure warrants for **IRWIN**'s home on Connelly Road in Rising Sun, Maryland. MSP seized one black HTC cellular phone in the basement bedroom that belonged to the Defendant.

MSP was able to obtain the text messages between **IRWIN** and W1 prior to W1's report to police via search warrants to Verizon. To summarize, **IRWIN** sent numerous text messages



██.   IRWIN sent several images and videos through multimedia messages and a file sharing program, KIK. In one text message, he reports to W1 that he is ████████████████ right now.

[REDACTED]

IRWIN's phone also contained images of child pornography. Over 82 images were retrieved from the SD card. Among the images were little girls in bondage, prepubescent girls in lewd and lascivious positions, and children being sexually abused.

███████████ was interviewed and disclosed that she had seen IRWIN's private parts and that her mouth did touch his penis. ████ ██████████████████████ in ███ ██████████

Through the course of the investigation, MSP learned that IRWIN collected child pornography, had an obsession with female underwear and fantasized about sex ████████ and other young children that he articulated to others as early as April 2012.

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case.

_____
Michael Dale Irwin

I am Mr. Irwin's attorney. I have carefully reviewed the statement of facts with him.

_____
C. Thomas Brown, Esquire
Counsel for Irwin

2